UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATTHEW HOUSTON,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>ENCORE EVENT TECHNOLOGIES, *et al.*,<br><br>　　　Defendants. | Case No. 2:22-cv-01740-JAD-EJY<br><br>**REPORT AND RECOMMENDATION**<br>ECF No. 1, 1-1 |

Pending before the Court is Plaintiff's *in forma pauperis* application and Civil Rights Complaint. ECF No. 1, 1-1. Because Plaintiff's Complaint is largely indecipherable, seeks relief against defendants who are immune from suit, and is otherwise barred as a matter of law, the Court recommends dismissing this case with prejudice.

I.  **SCREENING THE COMPLAINT**

When screening a complaint under 28 U.S.C. § 1915, the Court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id.*).

II. **PLAINTIFF'S COMPLAINT**

Plaintiff's Complaint begins by claiming he "is currently fals[e]ly imprisoned, wrongfully convicted and being restrained of his liberty at High Desert State Prison in Indian Springs, Nevada." ECF No. 1-1 at 1. The Complaint then devolves into a largely indecipherable series of statements

1

that fail to assert an identifiable claim under federal or state law. *Id*. at 2-5. Plaintiff offers a Points and Authorities heading followed by text that is neither organized nor understandable even when viewed in a light most favorable to Plaintiff. *Id*. at 6-7. Page eight of Plaintiff's Complaint is titled "Affidavit"; however, the content is not in the form of an affidavit, or declaration, and is comprised of gibberish. *Id*. at 8-9. Page ten of the Complaint is titled "Petition for a Writ of Habeas Corpus and Motion for Production of Complete Case Transcrip[t]s," while page 11 lists a series of "Emergency Motions." *Id*. at 10-11. The last few pages of Plaintiff's Complaint, composed in handwriting that looks nothing like the preceding pages, appear to again attack Plaintiff's conviction while adding an ineffective assistance of counsel claim, a violation of his right to represent himself, and allegations regarding wrongdoing by county prosecutors and a state court judge. *Id*. at 12-16.

### III.  DISCUSSION

    A.  <u>Plaintiff Cannot Attack His Conviction Through A Section 1983 Claim</u>.

The Civil Rights Act of 1871, codified as amended at 42 U.S.C. § 1983, creates a private right of action for any party allegedly deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by any person "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C § 1983. In analyzing what claims can be brought under 42 U.S.C. § 1983, the U.S. Supreme Court holds that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks release. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) *citing Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Further, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted" unless the applicant has exhausted state court remedies, there is an absence of state court remedies, or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). In *Preiser*, the Supreme Court concluded that "[i]t would wholly frustrate explicit congressional intent" to allow plaintiffs to bring a § 1983 claim to evade the exhaustion requirement of an application for a writ of habeas corpus. *Preiser*, 411 U.S. at 489-490.

A prisoner "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512

U.S. at 489. Federal courts must work to prevent prisoners from relying on § 1983 to subvert the different procedural requirements of habeas corpus proceedings under 28 U.S.C. § 2254. *Id*. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008).

Accordingly, to the extent Plaintiff seeks to attack his underlying conviction, his Complaint fails to state a claim upon which relief may be granted. No amendment will result in these allegations stating a viable claim.

B.  Plaintiff's Allegation That He Was Denied The Right To Self Representation Is Barred.

To the extent Plaintiff seeks to assert a claim based on the denial of self representation in a criminal proceeding, the claim is barred by *Heck v. Humphry* discussed above. *See Anderson v. Los Angeles County Sheriff's Department*, Case No. CV 04-3393-RGK(CW), 2004 WL 7344939, at *2 (C.D. Cal. June 17, 2004). For this reason, Plaintiff's denial of the right to self-representation cannot be asserted under § 1983 and, therefore, must be dismissed with prejudice.

C.  Numerous Pages Of Plaintiff's Complaint Are Indecipherable Gibberish.

The Ninth Circuit holds that dismissal for failure to comply with Rule 8 is proper where "the very prolixity of the complaint made it difficult to determine just what circumstances were supposed to have given rise to the various causes of action." *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996); *see also Nevijel v. North Coast Life Insurance Co.,* 651 F.2d 671, 674 (9th Cir. 1981); *Schmidt v. Herrmann,* 614 F.2d 1221 (9th Cir. 1980). Rule 8(a) is "violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'" *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,* 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2010)). A review of pages two through nine of Plaintiff's Complaint shows many of the sentences, and the content generally, are indecipherable gibberish. Plaintiff does not identify a cause of action either explicitly or implicitly; nor can the Court, even with a liberal eye, determine what wrongs Plaintiff has suffered by virtue of acts or inactions by any supposed defendant.

Under well settled Ninth Circuit law, the Court recommends dismissal of Plaintiff's allegations on pages two through nine as frivolous and lacking in substance of law and fact.

"Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (internal citation omitted).

D. <u>Plaintiff's Petition For Writ, Motion for Transcripts, And Ineffective Assistance Of Counsel Claim Must Be Dismissed With Prejudice</u>.

Plaintiff's "Petition for a Writ of Habeas Corpus, and Motion for Production of Complete Case [Transcripts]" must be brought, if at all, through a habeas corpus petition and not through a civil rights complaint. 28 U.S.C. § 2254; *Preiser*, 411 U.S. at 489-490. This is also true of any claim Plaintiff seeks to assert alleging ineffective assistance of counsel. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Preiser*, 411 U.S. at 477.

E. <u>Plaintiff's Emergency Motions Must Be Denied</u>.

Plaintiff lists several "Emergency Motions" on page 11 of his Complaint. To the extent Plaintiff seeks to assert one or more cause of action against District Attorney Steve Wolfson or any assistant district attorney these claims fails because the defendants are immune from suit. *Morris v. State Bar of California,* Case No. CV F 09–0026, 2010 WL 4977677 LJO GSA, at *2 (E.D. Cal. Dec. 2, 2010). Plaintiff's claims against any state court judge also fails because judicial officials are immune from suit. *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("[j]udges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts"); *Cleavinger v. Saxner,* 474 U.S. 193 (1985) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347(1871)).

The remainder of the supposed Emergency Motions are nonsensical or seek relief the Court cannot grant. Any request for a preliminary injunction or temporary restraining order fails because Plaintiff does not identify any claim or defendant against whom such relief may be granted. Plaintiff's reference to an "emergency motion for bond reduction to prevent future injury" also fails because this claim must be brought through a habeas corpus petition. *Tiffany v. Legrand*, Case No. 3:13-cv-00682-MMD-CBC, 2019 WL 1244696, at *6-7 (D. Nev. Mar. 18, 2019). Finally, Plaintiff seemingly requests joinder to proceedings occurring in state court. The federal court cannot grant this relief. Federal district courts do not have jurisdiction over a state court, whether by direct appeal,

mandamus, or otherwise.  *See, e.g., Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

In sum, Plaintiff's "Emergency Motions" fail to state claims upon which relief may be granted and these failures cannot be cured through amendment.  The Court recommends dismissal with prejudice of each of these motions.

### IV.    RECOMMENDATION

Accordingly, and based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be denied as moot and his Complaint (ECF No. 1-1) be dismissed with prejudice because Plaintiff's failure to state any claim upon which relief may be granted cannot be cured through amendment.

DATED this 27th day of March, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).