UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Matthew T. Houston,

    Plaintiff

v.

Encore Event Technologies, et al.,

    Defendants

Case No.: 2:22-cv-01740-JAD-EJY

**Order Overruling Objections, Adopting Report and Recommendation, Dismissing Action, Denying Motions, and Ordering Plaintiff to Show Cause Why He Should Not Be Declared a Vexatious Litigant**

[ECF Nos. 1, 10, 15, 16, 17, 18]

    Plaintiff Matthew T. Houston is an inmate at Nevada's High Desert State Prison and a frequent filer in Nevada's state and federal courts. In this case—his 16th in 3½ years—Houston recycles one of his oft-used complaints recounting "violations . . . retroactive from September 20, 2016[,] . . . ongoing throughout Maquoketa and Iowa City, Iowa; Los Angeles, Huntington Beach[,] and Newport Beach, CA; San Louis, CO; Baton Rouge and New Orleans, LA; Bay St. Louis, MS; and multiple other districts including Las Vegas, Nevada."[1] Houston pastes in the name Encore Event Technologies as the target defendant this time,[2] but this disjointed filing (which is a patchwork of pages from previously filed state-court motions, appeals, habeas petitions, and actions for judicial review) doesn't mention Encore Event Technologies at all. Because Houston applies to proceed *in forma pauperis*, the magistrate judge screened this complaint under 28 U.S.C. § 1915 and recommends that it be dismissed with prejudice.[3] Houston objects.[4]

---

[1] ECF No. 1-1 at 1.
[2] *Id*. at 2.
[3] ECF No. 16.
[4] ECF No. 18.

Houston's objection is itself a hodgepodge of documents recycled from other proceedings and does not actually address the magistrate judge's recommendation. After a de novo review, I find that Houston's complaint falls far from stating any claim for relief and that the nature of Houston's allegations and his history in this court demonstrates that amendment would be futile. So I adopt that recommendation and dismiss this case with prejudice. I then deny all of Houston's pending motions. And because Houston's recurring use of this nonsensical complaint and other reused filings to generate new, frivolous cases in this court is perpetually wasting this court's resources, I give Houston until May 15, 2023, to show cause in writing why he should not be declared a vexatious litigant subject to prefiling requirements.

## Discussion

### I. The court overrules Houston's objections to the R&R and dismisses this case with prejudice. [ECF No. 16]

When a party objects to a magistrate judge's report and recommendation on a dispositive issue like dismissal, the district court must conduct a de novo review of the challenged findings and recommendations.[5] The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions."[6]

Having reviewed the magistrate judge's report and recommendation and Houston's complaint and objection de novo, I, too, conclude that the complaint against Encore Event Technologies should be dismissed with prejudice because it states no claim for relief, and giving

---

[5] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

[6] 28 U.S.C. § 636(b)(1).

2

Houston leave to amend won't cure the fatal defects here. As the magistrate judge correctly summarized, Houston's filing is a nonsensical jumble:

> [It] begins by claiming [Houston] "is currently fals[e]ly imprisoned, wrongfully convicted and being restrained of his liberty at High Desert State Prison in Indian Springs, Nevada." The complaint then devolves into a largely indecipherable series of statements that fail to assert an identifiable claim under federal or state law. Plaintiff offers a points-and-authorities heading followed by text that is neither organized nor understandable even when viewed in a light most favorable to [him]. Page eight . . . is titled "Affidavit"; however, the content is not in the form of an affidavit, or declaration, and is comprised of gibberish. Page ten . . . is titled "Petition for a Writ of Habeas Corpus and Motion for Production of Complete Case Transcrip[t]s," while page 11 lists a series of "Emergency Motions." The last few pages . . . , composed in handwriting that looks nothing like the preceding pages, appear to again attack plaintiff's conviction while adding an ineffective-assistance-of-counsel claim, a violation of his right to represent himself, and allegations regarding wrongdoing by county prosecutors and a state-court judge.[7]

Under even the most generous standard, Houston's pleading states nothing even resembling a claim for relief under the relevant rules of this court. It contains quotes from Foo Fighters front man Dave Grohl about how Nirvana's Kurt Cobain's death affected him; entries from a "dream journal"; and disjointed narratives about a conspiracy involving his disability claims from a 2016 "work accident at Mandalay Bay Resort" (which he claims is "substantially proven by the 'events' of" the mass shooting that happened in Las Vegas on October 1, 2021), and his victimization by someone named "Sedgwick," whom Houston explains is "illegally using public and state of Nevada resources to steal from the Social Security Administration, my doctors, my dogs, my public safety first responders, my team of life-saving Americans," and "my

---

[7] ECF No. 16 at 1–2 (internal citations omitted) (cleaned up).

campaign funds of Joe Lombardo for Governor of Nevada and many charitable organizations."[8] He appends to this complaint a recycled "affidavit" and copies of petitions and emergency motions that he apparently filed in Nevada state-court case C-21-357927 a year ago.

Plus it's the same complaint that Houston has filed in nearly half a dozen cases.[9] Occasionally he swaps out the name of the target defendant. But the great bulk of the complaint and its recycled attachments remain the same. When recommending dismissal of Houston's complaints in case number 2:22-cv-01780-ART-DJA, which contained most of the same pages as the complaint in this case,[10] Magistrate Judge Daniel J. Albregts summarized it as indecipherable and delusional:

> Plaintiff's complaint is nearly impossible to decipher. He names multiple defendants and alludes to a conspiracy against him which he appears to allege resulted in his imprisonment. The remainder of his complaint includes disjointed pages that include a dream journal and excerpts from a magazine. Plaintiff has failed to comply with the Court's previous order by filing his application late. His complaint also includes delusional allegations.[11]

The fact that Houston just continues to return to this court over and over again with the same, refiled, regurgitated pages of miscellany demonstrates that offering him a chance to amend would be plainly futile.

---

[8] ECF No. 1-1 at 7.

[9] *Houston v. Lombardo et al.*, 2:22-cv-1607-APG-CSD; *Houston v. Lombardo et al.*, 2:22-cv-01685-JCM-DJA; *Houston v. Lombardo et al.*, 2:22-cv-1748-APG-DJA; *Houston v. L.B.B.S et al.*, 2:22-cv-1780-ART-DJA; *Houston v. Encore Event Technologies, et al.*, 22-cv-2168-ART-EJY (identical to the instant case and transferred from *Houston v. Encore Event Technologies, et al.*, 22-cv-133-LTS-MAR (N. Dist. Iowa).

[10] *Compare* ECF No. 5 at 9–20 in *Houston v. L.B.B.S.*, Case 2:22-cv-1780-ART-DJA *with* ECF No.1-1 in the instant case.

[11] ECF No. 8 at 1 in *Houston v. L.B.B.S.*, Case 2:22-cv-1780-ART-DJA.

Houston's objection is utterly useless because it's not an objection at all but just a refiling of a completely unrelated motion in one of his habeas cases.[12] It consists of a "Request for Appointment of Counsel in a Federal Habeas Corpus Case" (which this isn't), a "Continued Response to Order to Show Cause" (though none was previously issued in this case), and refiled pages from his complaint.[13] It does not address the magistrate judge's report and recommendation at all, except that Houston has handwritten "Objection to Document No. 16" and this case number in the caption of the document.[14] So Houston has not provided any true objection to the magistrate judge's dismissal-with-prejudice recommendation, and I adopt that recommendation and dismiss this case with prejudice because amendment would be futile. And because I am dismissing this case with prejudice, I deny as moot Houston's application for leave to proceed in forma pauperis[15] and his motions for default judgment[16] and waiver of service of summons.[17]

**II.    Houston fails to offer a legitimate basis for judicial recusal.  [ECF No. 10]**

Before the magistrate judge recommended dismissal of this case, Houston filed a motion in this case asking for me and Magistrate Judge Albregts (who is not the magistrate judge on this case) to "immediately recuse [ourselves] from ALL cases of Matthew Travis Houston as the result of intentional gross negligence in the 'form' of judicial misconduct."[18] Although Houston

---

[12] *See* ECF No. 17 in *Houston v. Bean*, 2:23-cv-31-RFB-DJA.
[13] *Compare* ECF No. 1-1 at 2–7 *with* ECF No. 18 at 4–8.
[14] ECF No. 18.
[15] ECF No. 1.
[16] ECF No. 15.
[17] ECF No. 17.
[18] ECF No. 10 at 1 (emphasis in original).

5

is not clear about what that alleged "judicial misconduct" is, it appears that he is unhappy with Magistrate Judge Albregts's order striking some of Houston's filings in other cases,[19] as he warns, "Do Not strike a single further document of a single note I write Mr. Albreghts [sic]. . . . The Court will now keep and read <u>all</u> documents of the survivor of the One October, 2017 [which is how Houston refers to himself] and way too many other disasters and tragedy not limited to this meritorious case . . . ."[20] Houston also appears to threaten to sue Magistrate Judge Albregts and me "as result of the judicial neglect of [Houston's] person and property and the neglect of [his] estate by numerous other individuals and entities. . . ."[21] The remainder of this filing consists of Nevada Department of Corrections forms that are mostly illegible and have no apparent relationship to the recusal request.[22]

     I deny the request for recusal because Houston has not identified a legitimate basis under the law for such relief. It appears that his frustration comes from a disagreement with rulings in his many cases. But as the United States Supreme Court explained in *Liteky v. United States*, "judicial rulings" are no basis for recusal.[23] And Houston's dissatisfaction with rulings in his matters before this court merit no exception to that general rule. Nor can threats of suit—or filing complaints or suits—against assigned judges in an effort to create conflicts and force

---

[19] *See* ECF No. 27 in *Houston v. Golden Entertainment, et al.*, 2:21-cv-499-JAD-DJA.
[20] ECF No. 10 at 1.
[21] *Id*. at 2.
[22] *Id*. at 3–12.
[23] *Liteky v. United States*, 510 U.S. 540, 555 (1994); s*ee also Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984) (recognizing that "[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis") (citations omitted). Recusal requests under 28 U.S.C. § 144 also require an affidavit showing personal bias or prejudice, and Houston has not provided one.

disqualification compel recusal, as the Ninth Circuit Court of Appeals held in *United States v. Studley* that "[a] judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks."[24]  So Houston's motion for recusal is denied.

### III. Houston must show cause why he should not be declared a vexatious litigant subject to prefiling requirements.

Finally, I order Houston to show cause why this court should not declare him a vexatious litigant who must comply with prefiling requirements before commencing any new suit in this district.  Federal district courts have the "ancient" inherent authority to issue writs—including a prefiling order—to prevent litigants from continuing to file frivolous lawsuits and abuse the judicial process.[25]  "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."[26]  Before entering a vexatious-litigant prefiling order, the district court must provide the party against whom the order is sought notice and an opportunity to be heard.  The Ninth Circuit has adopted the Second Circuit's five-factor framework to determine "whether a party is a vexatious litigant and whether a prefiling order will stop the vexatious litigation":

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant

---

[24] *United States v. Studley*, 783 F.2d 934, 939–40 (9th Cir. 1986); *see also In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1265 (11th Cir. 2009) ("The mere filing of a complaint of judicial misconduct is not grounds for recusal" because "it would be detrimental to the judicial system if a judge had to disqualify himself anytime someone filed a complaint about his conduct.  A party would only have to file a complaint to get a different judge.").

[25] *Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982)); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)).

[26] *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

have an objective good-faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.[27]

It appears that Houston's repeated waste of this court's time and resources by refiling the same documents over and over again in case after case is a flagrant abuse of the judicial process that impedes the adjudication of other pending matters, and a prefiling order could curb this abuse. A few details of Houston's litigation practices epitomize this abuse and its magnitude:

- Houston has filed **16 actions** in this court **in the last 3 1/2 years**.[28]
- He has been **deemed a restricted filer in 6** of them.[29]
- His claims and filings were **found "plainly frivolous," "patently meritless," "delusional," or "nonsensical" in 6** of them.[30]
- Another **5 were dismissed for failure to comply with court orders**.[31]

---

[27] *Molski*, 500 F.3d at 1058 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)) (cleaned up).

[28] 2:19-cv-1360-RFB-VCF; 2:19-cv-1371-JAD-DJA; 2:19-cv-1472-APG-DJA; 2:19-cv-1475-GMN-EJY; 2:19-cv-1740-APG-BNW; 2:21-cv-499-JAD-DJA; 2:22-cv-693-JAD-NJK; 2:22-cv-1285-MMD-VCF; 2:22-cv-1607-APG-CSD; 2:22-cv-1685-JCM-DJA; 2:22-cv-1740-JAD-EJY; 2:22-cv-1745-APG-DJA; 2:22-cv-1748-APG-DJA; 2:22-cv-1780-ART-DJA; 2:22-cv-2168-ART-EJY; 2:23-cv-31-RFB-DJA.

[29] 2:19-cv-1360-RFB-VCF; 2:19-cv-1475-GMN-EJY; 2:22-cv-693-JAD-NJK; 2:22-cv-1285-MMD-VCF; 2:22-cv-1685-JCM-DJA; 2:22-cv-1745-APG-DJA.

[30] 2:21-cv-499-JAD-DJA; 2:22-cv-693-JAD-NJK; 2:22-cv-1285-MMD-VCF; 2:22-cv-1745-APG-DJA; 2:22-cv-1780-ART-DJA, and now this case.

[31] 2:19-cv-1371-JAD-DJA; 2:19-cv-1472-APG-DJA; 2:19-cv-1740-APG-BNW; 2:22-cv-1685-JCM-DJA; and 2:22-cv-1748-APG-DJA.

- And the complaint in this case is **mostly duplicative of** one that Houston has filed in nearly **half a dozen cases and identical** to the one pending in *Houston v. Encore Event Technologies*, 2:22-cv-2168-ART-EJY.

I thus **order Houston to show cause in writing by May 15, 2023, why he should not be deemed a vexatious litigant who must obtain the permission of the chief judge of this court before filing any new lawsuit in this district**.

### Conclusion

IT IS THEREFORE ORDERED that Houston's objection **[ECF No. 18] is OVERRULED** and the magistrate judge's report and recommendation to dismiss this case with prejudice and without leave to amend **[ECF No. 16] is ADOPTED in full.**

IT IS FURTHER ORDERED that Houston's motion for recusal **[ECF No. 10] is DENIED** and all other pending motions **[ECF Nos. 1, 15, and 17] are DENIED** without prejudice and as moot.

IT IS FURTHER ORDERED that **this action is DISMISSED with prejudice and without leave to amend, and the Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE (subject to the conclusion of the vexatious-litigant proceedings)**.

Finally, IT IS FURTHER ORDERED that **Houston has until May 15, 2023, to show cause in writing why he should not be declared a vexatious litigant who must obtain the permission of the chief judge of this court before filing any new lawsuit in this district**.

_____
U.S. District Judge Jennifer A. Dorsey
April 13, 2023