## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Matthew T. Houston, | Case No.: 2:22-cv-01740-JAD-EJY |
| Plaintiff | |
| v. | **Order Overruling Objection to Magistrate Judge's Minute Order** |
| Encore Event Technologies, et al., | [ECF No. 28] |
| Defendants | |

A month after this case was dismissed with prejudice, pro se plaintiff Matthew T. Houston filed 135 pages of random pages from other cases and wrote along the top margin of the front page "Stipulation for an Order to Set Briefing Schedule; Notice of hearings and Statement of Facts."[1] The magistrate judge denied relief by minute order, reasoning that "[a] review of the docket in this matter shows there is nothing pending before the Court that requires a briefing schedule. Thus, Plaintiff's filing is a fugitive document."[2] Houston objects to that order by writing on the bottom of the front page of another 66 pages of recycled filings, "In response to Elayna J. Youchah's Document No. 27: Nothing the Plaintiff is filing is 'fugitive.' Now see Las Vegas Review Journal and Cease and Desist: Title Page in U.S. District Court."[3]

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[4] This standard of review "is significantly deferential" to

---

[1] ECF No. 26 at 1.
[2] ECF No. 27.
[3] ECF No. 28 at 1.
[4] L.R. IB 3-1(a).

the magistrate judge's determination.[5]  A district court should overturn a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[6] or a relevant statute, law, or rule has been omitted or misapplied.[7]

Houston's nonsensical objection falls far short of demonstrating that the magistrate judge's order is clearly erroneous or contrary to law.  This case had indeed been dismissed and closed when Houston refiled this pile of papers containing a newly scrawled title that suggested he was seeking a briefing schedule.  There was no need for a briefing schedule for anything at that time, and Houston didn't explain why there was.  Plus there was nothing in that filing that even resembled a stipulation.  So the magistrate judge properly declined to provide any such relief.

IT IS THEREFORE ORDERED that Houston's objection to the magistrate judge's minute order at ECF No. 27 **[ECF No. 28] is OVERRULED.  This case remains closed, and Houston is prohibited from filing any further documents in this case other than a proper notice of appeal.**

_____
U.S. District Judge Jennifer A. Dorsey
October 24, 2023

---

[5] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal.*, 508 U.S. 602, 623 (1993).

[6] *Id.* (internal quotation marks omitted).

[7] *See Grimes v. City and County. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

2