UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Matthew T. Houston, | Case No.: 2:22-cv-01740-JAD-EJY |
| Plaintiff | |
| v. | **Order Declaring Matthew T. Houston a Vexatious Litigant and Imposing Prefiling Injunction** |
| Encore Event Technologies, et al., | |
| Defendants | |

In April of this year, I dismissed with prejudice pro se plaintiff Matthew T. Houston's complaint, which is largely inscrutable and consists primarily of a hodgepodge of random pages from other state-court actions. Because this filing was similar to many other frivolous ones that Houston has filed in this court, at the same time, I ordered Houston to show cause in writing why he should not be declared a vexatious litigant and subject to a prefiling injunction for future actions. That show-cause order lays out the extensive history of Houston's many frivolous suits and details why his perpetual regurgitation of hundreds upon hundreds of miscellaneous pages from old state-court actions is a flagrant abuse of the judicial process that impedes the adjudication of other pending matters. Though Houston filed three responses to that order, not one of them offers a useful—let alone meritorious—argument. Having thoroughly reviewed the circumstances of this case and the numerous others Houston has filed in this court, I find that he has grossly abused the judicial process with his recycled, meritless, and nonsensical filings, which put an unnecessary burden on this court and its personnel. This unrelenting conduct warrants the extreme remedy of a prefiling order that requires Houston to obtain express permission from the Chief Judge before filing any new action that contains recycled filings.

**Discussion**

**A.      The court has the authority to impose a prefiling order on a vexatious litigant.**

Federal district courts have the "ancient" inherent authority to issue writs—including a prefiling order—to prevent litigants from continuing to file frivolous lawsuits and abuse the judicial process.[1] Prefiling orders are an extreme remedy and should be granted only "after a cautious review of the pertinent circumstances."[2] Before entering a prefiling order, the district court must provide the party against whom the order is sought notice and an opportunity to be heard.[3] If the court imposes a prefiling order, it must set forth which cases and motions support its conclusion that the party's filings are so numerous or abusive that they should be enjoined, make substantive findings as to the frivolous or harassing nature of the litigant's actions, and narrowly tailor the order to "fit the specific vice encountered."[4] The Ninth Circuit has adopted the Second Circuit's five-factor framework to determine "whether a party is a vexatious litigant and whether a pre-filing order will stop the vexatious litigation":

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing[,] or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good[-]faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.[5]

---

[1] *Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir.1982)); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)).

[2] *Molski*, 500 F.3d at 1057 (citation omitted).

[3] *Id.* (citation omitted).

[4] *Id.* (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990)).

[5] *Molski*, 500 F.3d at 1058 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

**B.      Houston's repeated initiation of actions based on the same frivolous, nonsensical, and recycled pages of filings in this and other courts makes him a vexatious litigant, and a prefiling order is necessary to curb this abuse.**

The court's April 13, 2023, order to show cause (OSC) gave Houston notice of the practices that this court deems abusive and an opportunity to be heard.[6] The three responses from Houston demonstrate that he is either unwilling to do—or just incapable of doing—little more than bombard the court with the same, recycled pages that populate the vast majority of his submissions. For his first response, Houston merely added this case number and the words "AND RESPONSE TO ORDER TO SHOW CAUSE WHY MR. HOUSTON IS NOT A VEXATIOUS LITIGANT" to the notice of appeal that he filed in a different case (2:21-cv-499-JAD-DJA) back in February,[7] and slapped it atop 277 assorted and jumbled pages from filings in other cases.[8] From what this court can tell, none of those recycled pages addresses anything related to this vexatious-litigant issue.

Houston's second response addresses me by my first name and says, "Can you please show just a little respect and stop threatening me? . . . I never threatened Mr. Albreghts [sic]. In earlier letters I politely requested that you please read the newspaper article describing my accident so you would understand, because I am NOT a vexatious litigant. You can please read the attached interpleadings and bill ALL of my court fees to Lewis Brisbois Bisgaard & Smith, LLP."[9] But he follows that statement with more recycled pages of state-court filings that are entirely unresponsive to the vexatious-litigant issue. Houston's third response, consisting of 54

---

[6] ECF No. 19 (OSC).
[7] *See* ECF No. 52 in 2:21-cv-499-JAD-DJA.
[8] *See* ECF No. 20.
[9] ECF No. 23.

recycled pages, is similarly useless for this purpose.[10]  The net result of these three tries is a single, conclusory assertion that Houston is not a vexatious litigant—and 338 pages of unrelated miscellany.  Instead of refuting Houston's vexatious status, these filings only further prove it.

      Houston's abuse of this court has escalated to the point that a prefiling injunction is necessary.  The complaint in this case is one that Houston has filed in half a dozen cases.  Occasionally he swaps out the name of the target defendant.  But the great bulk of the complaint and its recycled attachments remain the same.  The first page recites the court's basis for jurisdiction and alleges that Houston "is currently falsly [sic] imprisoned, wrongfully convicted and being restrained of his liberty" and that "[t]hese violations are retroactive from September 20, 2016[,] and have been ongoing throughout" the country:

[side-by-side images of two complaint first pages: Case 2:22-cv-01740-JAD-EJY Document 1-1 Filed 10/17/22 Page 1 of 16; and Case 2:22-cv-02168-ART-EJY Document 1-1 Filed 11/07/22 Page 1 of 17]

---

[10] ECF No. 24.

4

The rest of the document contains quotes from Foo Fighters frontman Dave Grohl about how Nirvana's Kurt Cobain's death affected him; entries from a "dream journal"; and disjointed narratives about a conspiracy involving his disability claims from a 2016 "work accident at Mandalay Bay Resort" (which he claims is "substantially proven by the 'events' of" the mass shooting that happened in Las Vegas on October 1, 2021), and his victimization by someone named "Sedgwick," whom Houston explains is "illegally using public and state of Nevada resources to steal from the Social Security Administration, my doctors, my dogs, my public safety first responders, my team of life-saving Americans," and "my campaign funds of Joe Lombardo for Governor of Nevada and many charitable organizations."[11]  He attaches to this complaint a recycled "affidavit" and copies of petitions and emergency motions that he apparently filed in Nevada state-court case C-21-357927 more than a year ago.

| 2:22-cv-1780-ART-DJA | 2: 22-cv-2168-ART-EJY | 2:22-cv-1740-JAD-EJY |
|---|---|---|
|  |  |  |

---

[11] ECF No. 1-1 at 7.

5

When recommending dismissal of Houston's complaints in Case No. 2:22-cv-01780-ART-DJA, which contained most of the same pages as the complaint in this case,[12] the magistrate judge appropriately summarized it as indecipherable and delusional:

> Plaintiff's complaint is nearly impossible to decipher. He names multiple defendants and alludes to a conspiracy against him which he appears to allege resulted in his imprisonment. The remainder of his complaint includes disjointed pages that include a dream journal and excerpts from a magazine. Plaintiff has failed to comply with the Court's previous order by filing his application late. His complaint also includes delusional allegations.[13]

Houston's most recent suit, filed just last month, recycles this very same complaint yet again.[14] So yet one more judge will have to devote resources to address it.

As the Ninth Circuit explained in *De Long v. Hennessey*, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."[15] The sheer numbers alone show that Houston's filings are monopolizing far too much of this court's valuable resources for no good-faith purpose:

- Houston has filed **19 actions** in this district **in the last 3 1/2 years**—16 of which have been dismissed.[16]

---

[12] *Compare* ECF No. 5, pp. 9–20 in Case 2:22-cv-01780-ART-DJA *with* ECF No.1-1 in the instant case.

[13] ECF No. 8 in Case 2:22-cv-01780-ART-DJA at 1.

[14] *See* ECF No. 1-1 in Case 2:23-cv-1423-APG-EJY.

[15] *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

[16] 2:19-cv-01360-RFB-VCF; 2:19-cv-01475-GMN-EJY; 2:19-cv-01371-JAD-DJA; 2:19-cv-01472-APG-DJA; 2:19-cv-01740-APG-BNW; 2:22-cv-01745-APG-DJA; 2:21-cv-00499-JAD-DJA; 2:22-cv-02168-ART-EJY; 2:22-cv-00693-JAD-NJK; 2:22-cv-01285-MMD-VCF; 2:23-cv-00031-RFB-DJA; 2:22-cv-01607-APG-CSD; 2:22-cv-01685-JCM-DJA; 2:22-cv-01740-JAD-EJY; 2:22-cv-01748-APG-DJA; 2:22-cv-01780-ART-DJA; 2:23-CV01210-APG-DJA; 2:23-CV-1349-JAD-BNW; 2:23-cv-01423-APG-EJY.

- He has been **deemed a restricted filer in 7** of them.[17]

- His claims and filings were **found "plainly frivolous," "patently" or "plainly" "meritless," "delusional," "largely inscrutable," or "nonsensical" in 6** of them.[18]

- Another **6 were dismissed for failure to comply with court orders**.[19]

- And the Ninth Circuit has **dismissed as "frivolous"** at least **1** of Houston's appeals from these cases.[20]

Although Houston has a right to access the courts, that right does not allow him to abuse the judicial process through repeated, nonsensical, frivolous filings that waste the court's limited resources. His lawsuits and filings are far more than duplicative. He plainly lacks a good-faith expectation of prevailing. He consistently foists an unnecessary burden on this court, its judges, and its staff (and his recycled filings demonstrate that he's doing the same thing to the Nevada state courts and the Ninth Circuit Court of Appeals as well). And the fact that this court has many times restricted his filings demonstrates that lesser sanctions aren't helping to curb his filing abuses. After a painstaking and cautious review of the pertinent circumstances, I conclude that a narrowly drawn prefiling restriction is the only way to curtail this abusive behavior without unduly infringing Houston's right to otherwise access this court. I therefore find that an order preventing Houston from commencing any new actions without first obtaining the

---

[17] 2:19-cv-01360-RFB-VCF; 2:19-cv-01475-GMN-EJY; 2:22-cv-01607-DWM-CSD; 2:22-cv-01745-APG-DJA; 2:22-cv-00693-JAD-NJK; 2:22-cv-01285-MMD-VCF; 2:22-cv-01685-JCM-DJA.

[18] 2:22-cv-01745-APG-DJA; 2:21-cv-00499-JAD-DJA; 2:22-cv-00693-JAD-NJK; 2:22-cv-01285-MMD-VCF; 2:22-cv-01780-ART-DJA; 2:23-cv-1349-JAD-BNW.

[19] 2:19-cv-01371-JAD-DJA; 2:19-cv-01472-APG-DJA; 2:19-cv-01740-APG-BNW; 2:22-cv-01607-DWM-CSD; 2:22-cv-01685-JCM-DJA; and 2:22-cv-01748-APG-DJA.

[20] ECF No. 39 in 2:19-cv-01371-JAD-DJA (Ninth Circuit appeal no. 22-16439).

permission of the Chief Judge of this court is appropriate.  So I enter a prefiling order against Houston.

## Conclusion

IT IS ORDERED that **Matthew T. Houston is a vexatious litigant who is therefore ENJOINED and PROHIBITED under 28 U.S.C. § 1651(a) from commencing a new action with a case-initiation document (whether complaint, petition, or otherwise) that contains, attaches, or incorporates filings from Houston's other cases in this district or in the Nevada state courts without first obtaining prefiling permission from the Chief Judge of this district.**  This means that, if Houston desires to file a new action in the United States District Court for the District of Nevada using any pages he has already filed in another case, he must first:

- **Apply to the Chief Judge of this district for leave to file the document by submitting to the clerk's office an application** bearing the title "Application to Chief District Judge Seeking Leave to File."

- **That application must be supported by a declaration from Houston**, made under penalty of perjury, stating that: (1) the matters asserted in the new complaint or petition are different from those asserted in the actions he has previously filed in this district; (2) the new claim or claims are not frivolous or made in bad faith; (3) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims.

- And **Houston must attach a copy of this order** to any such application.

Failure to fully comply with this order will constitute sufficient grounds for denial of the application.

8

IT IS FURTHER ORDERED that **the Clerk of Court is authorized to reject, refuse to file, and discard any new case-commencement document submitted without prior compliance with this order.**

_____
U.S. District Judge Jennifer A. Dorsey
October 24, 2023